UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FORREST F. FERGUSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16-cv-1858-WTL-MJD |
| | ) |
| STANLEY KNIGHT, *et al.*, | ) |
| | ) |
| Defendant. | ) |

**Entry Dismissing Complaint**

Here, the plaintiff alleges that his constitutional rights were violated by twelve defendants in a variety of ways. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v.*

*United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

The plaintiff's federal claim is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). In this case, the plaintiff brings a § 1983 action alleging his Fourteenth Amendment due process right were violated when the defendants failed to enforce the Indiana Department of Correction ("IDOC") policies and procedures, among other claims. The plaintiff names the following individuals as defendants: Stanley Knight, Superintendent; Dushan Zatecky, Assistant Superintendent; Sara Peckham; Viven Hinshaw; Lisa Ash; Donald LaBlanc; Tyrone Robbins; Jordan Prewitt; Jason Chambers, Michael Pavese; Jack Hendrix; and Charlene Burketts. He is suing Stanley Knight in his individual capacity only for money damages and the rest of the defendants in their official and individual capacities for money damages. [dkt. 1, at p. 6].

## IV. Insufficient Claims

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." In *Sandin v. Conner,* 115 S. Ct. 2293, 2300 (1995), the Supreme Court explained that state-created liberty interests–which is to say, due process protections—"will be generally limited to freedom from restraint which, . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id.* "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." *Lekas v. Briley,* 405 F.3d 602, 608 (7th Cir. 2005).

### a. Superintendent Knight

The plaintiff alleges that Superintendent Knight violated his Fourteenth Amendment due process right by failing to enforce IDOC policies and that he failed to properly supervise employees.

### b. Dushan Zatecky

The plaintiff alleges Dushan Zatecky exhibited deliberate indifference by failing to act on information that unconstitutional acts were occurring and allowed the continuance of bad policy practices.

### c. Sara Peckham

The plaintiff alleges Sara Peckham violated his due process rights by failing to pay state wages according to policy.

### d. Lisa Ash

The plaintiff alleges Lisa Ash violated his due process rights by being deliberately indifferent and failing to respond when informed that unconstitutional acts were occurring. She also allegedly allowed the continuation of bad policy practices.

### e. Charlene Burkett

Charlene Burkett is the IDOC Ombudsman. The plaintiff alleges she was deliberately indifferent to his rights when she failed to respond to his numerous letters detailing the alleged constitutional deprivations he was subject to. He also alleges she failed to investigate his claims concerning IDOC violation of the law.

### g. Michael Pavese

The plaintiff alleges Michael Pavese was deliberately indifferent to his rights by failing to act on information that unconstitutional acts were occurring.

### h. Jack Hendrix

The plaintiff alleges the plaintiff violated his Fourteenth Amendment Due Process rights by failing to enforce IDOC policies. He also allegedly used an expunged conduct report to create a policy depriving the plaintiff of his constitutional rights.

Based on the factual allegations set forth above, and giving the complaint liberal construction, the Court cannot discern within it any plausible federal due process claim against the defendants. *See United States ex rel. Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir.2003). Nothing in the conduct attributed to the defendants violated any of the plaintiff's federally secured rights. He had no due process rights to be free from deficient enforcement of IDOC policies and procedures, he had no due process right to a particular outcome from his complaints to the Ombudsman, and he had no due process right to a particular classification. His due process claims are wholly conclusory and legally insufficient. As the Supreme Court explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Twombly,* 550 U.S. at 555 & 557. For these reasons, the defendants named above are **dismissed** from this action. The Court now turns to the remaining defendants.

### i. Donald Lablanc

The plaintiff alleges Donald Lablanc violated his due process when, as the plaintiff's supervisor, he failed to appropriately respond, when informed through a grievance, that unconstitutional acts were occurring.

### j. Jason Chambers

The plaintiff alleges Jason Chambers violated his due process when he failed to appropriately respond, when informed through a grievance, that unconstitutional acts were occurring.

The failure of prison officials to process grievances in a particular way or to do so leading to a particular result is not actionable as the violation of a federally secured right. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"). The foregoing has been cited as Circuit law "specifically denouncing a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). Because the plaintiff had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

For these reasons, defendants LaBlanc and Chambers are **dismissed** from this action.

### k. Vivien Hinshaw

Finally, the plaintiff alleges Vivien Hinshaw violated his rights after being informed of Sara Peckham's alleged unlawful conduct. Hinshaw allegedly threatened to remove the plaintiff from his job in a grievance reply and then removed him from his law clerk job. To state a claim for retaliation, the plaintiff needs only to allege that he engaged in conduct protected by the First Amendment, and that the defendant retaliated against him based on that conduct. *See Walker v. Thompson*, 288 F.3d 1005, 1008–09 (7th Cir. 2002). A complaint states a claim for retaliation when it sets forth "a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (*quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). "Conversely, alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Here, the plaintiff does not set forth sufficient facts from which the Court can construe a claim of retaliation. Based on the allegations against Sara Peckham in paragraph IV c, she did not engage in any unlawful conduct. Thus, there is no basis to conclude that defendant Hinshaw retaliated against the plaintiff for engaging in permissible conduct. As such, defendant Hinshaw is **dismissed** as a defendant from this action.

The plaintiff's complaint fails to state a claim upon which relief can be granted because it lacks factual content allowing the Court to draw the reasonable inference that the defendants engaged in any conduct that resulted in a constitutional deprivation.

For these reasons, the complaint is **dismissed** for failure to state a claim upon which relief can be granted. However, dismissal of the complaint will not lead to a dismissal of this action at this time. Instead, the plaintiff shall have **through September 6, 2016,** in which **to file an amended complaint.**

## V. Further Proceedings

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, and (d) the amended complaint shall contain a clear statement of the relief which is sought.

If an amended complaint is filed as directed, the Court will screen it as required by 28 U.S.C. § 1915A and either dismiss the action or issue whatever other order is warranted. If no amended complaint is filed as directed, the action will be dismissed in its entirety without further notice to the plaintiff.

The plaintiff's motion for update on cases and notice of change of address [dkt. 5] is **granted**.

**The clerk is instructed** to update the plaintiff's address consistent with the distribution portion of this Entry.

**IT IS SO ORDERED.**

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**

Date: 8/5/16

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Forrest Robert Ferguson, #913017
South Bend Community Re-Entry Center
4650 Old Cleveland Road
South Bend, IN 46628