# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| FORREST F. FERGUSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:16-cv-1858-WTL-MJD |
| | ) |
| STANLEY KNIGHT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### Entry Dismissing Amended Complaint

On August 5, 2016, this Court issued an Entry dismissing the plaintiff's complaint for failure to state a claim and gave him time to file an amended complaint. The plaintiff filed an amended complaint on October 17, 2016.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A to screen his amended complaint and must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by

lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

The plaintiff's federal claim is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

In this case, the plaintiff brings a § 1983 action alleging his Fourteenth Amendment due process rights and his First Amendment rights were violated when the defendants failed to enforce the Indiana Department of Correction ("IDOC") policies and procedures. The plaintiff names the following individuals as defendants: Donald LeBlanc, Sara Peckam, Viven Hinshaw, Dushan Zatecky, John or Jane Doe, Tyrone Robbins, Stanley Knight, Jack Hendrix, and Bruce Lemmon.

For the reasons set forth in the Entry dated August 5, 2016, the claims against Donald LeBlanc, Sara Peckam, Viven Hinshaw, Dushan Zatecky, Stanley Knight, and Jack Hendrix are

**dismissed**. The plaintiff fails to set forth any new allegations against these defendants beyond those already dismissed by the Court.

Claims against all unknown John or Jane Does defendants are **dismissed** . . . for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit.

The plaintiff alleges that classification specialist Tyrone Robbins told executive director of classification Jack Hendrix that the plaintiff made threats regarding kidnapping DOC staff children and wishing staff was dead. He does not however allege any type of injury in connection with this claim. The fact that one DOC employee related to another DOC employee threatening comments made by the plaintiff does not amount to a constitutional deprivation. The claim against Tyrone Robbins is **dismissed** for failure to state a claim.

Next, the plaintiff alleges that Commissioner Bruce Lemmon ignored his letters complaining that DOC staff was engaging in improper conduct. The claims against Lemmon must be dismissed because any alleged failure to respond to letters or complaints about the conduct of DOC staff is not sufficient to bring him into the zone of liability under § 1983, because "[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). The plaintiff's allegations do not suggest a plausible basis for concluding Lemmon caused or participated in the alleged constitutional deprivation. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). Even if the plaintiff wrote letters to Lemmon, this fact alone is insufficient to

support recovery from supervisory defendants. *Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir. 2006)(letters to Director insufficient to create a genuine issue of material fact regarding personal responsibility of Director, where Director had delegated responsibility for reviewing grievances, and there was no evidence that Director had read letters). Moreover, as discussed above, the plaintiff has failed to set forth any allegations against any of the defendants that state a claim for relief.

Finally, the failure of prison officials to process grievances in a particular way or to do so leading to a particular result is not actionable as the violation of a federally secured right. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause"). The foregoing has been cited as Circuit law "specifically denouncing a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). Because the plaintiff had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992)(without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

The plaintiff's amended complaint fails to state a claim upon which relief can be granted because it lacks factual content allowing the Court to draw the reasonable inference that the defendants engaged in any conduct that resulted in a constitutional deprivation.

For these reasons, the amended complaint is **dismissed** for failure to state a claim upon which relief can be granted. Judgment shall now enter.

**IT IS SO ORDERED.**

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 10/20/16

Distribution:

Forrest Robert Ferguson, #913017
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, IN 46391